1  **WO**

6  IN THE UNITED STATES DISTRICT COURT
7  FOR THE DISTRICT OF ARIZONA

9  Dana and Janet McLorn,                ) No. CV-08-1602-PHX-LOA
                                          )
10              Plaintiffs,                ) **ORDER**
                                          )
11  vs.                                   )
                                          )
12                                        )
    Fleetwood Motor Homes of Indiana, Inc.,)
13  d/b/a/ American Coach and Beaudry RV  )
    Company,                              )
14                                        )
                Defendants.                )
15  _____)

16          This case arises upon Defendant Beaudry RV Company's ("Beaudry") Notice
17  of Filing Bankruptcy, filed on December 2, 2008, advising the Court and all parties that
18  Defendant Beaudry filed a voluntary bankruptcy petition in the United States Bankruptcy
19  Court, No. BK-08-16533-EWH, on November 18, 2008. (docket # 23)
20          By virtue of the automatic stay imposed under 11 U.S.C. § 362(a)(1) with the
21  filing of a bankruptcy petition, all pending matters against Defendant Beaudry will be
22  stayed until further order of the Court. 11 U.S.C. § 362(a)(1); *O'Donnell v. Vencor Inc.*,
23  466 F.3d. 1104 (9th Cir. 2006).
24          On the Court's own motion,
25          **IT IS ORDERED** hereby **staying** this lawsuit against Defendant Beaudry
26  **ONLY** and placing it on inactive status until **June 1, 2009** (180 days).
27          This lawsuit against Defendant Beaudry **ONLY** will be dismissed on **June
28  1, 2009** (180 days) pursuant to Rule 41(b) (lack of prosecution) unless prior to the

1 scheduled dismissal date Plaintiff demonstrates in writing that Plaintiff has moved to lift
2 the stay in the bankruptcy court but the request has not been ruled upon or has been
3 denied; or Plaintiff has sought to reduce the claim(s) against the subject debtor Beaudry to
4 judgment in the bankruptcy court in an adversary proceeding and the adversary proceed-
5 ing has not yet been adjudicated despite Plaintiff's due diligence in seeking its resolution;
6 or Plaintiff has timely demonstrated a reasonable basis for continuance of this lawsuit
7 against Defendant Beaudry on inactive status.

8 Any party may ask the Court to schedule an informal status conference
9 **before** the 180-day period expires to inform the Court what action, if any, has been
10 undertaken in the bankruptcy court that would permit this lawsuit against Defendant
11 Beaudry to proceed.

12 **IT IS FURTHER ORDERED** that the lawsuit/case against all other
13 Defendants shall proceed as scheduled, *Duval v. Gleason*, 1990 WL 261364 (N.D. Cal.
14 1990), unless a motion to stay the entire case is timely filed and granted. *Matter of*
15 *Lockard*, 884 F.2d 1171, 1179 (9th Cir. 1989) (citing generally *A.H. Robins Co., Inc. v.*
16 *Piccinin*, 788 F.2d 994, 999 (4th Cir. 1986), *cert. denied*, 479 U.S. 876 (1986) (automatic
17 stay imposed under § 362(a)(1) is generally available only to the bankrupt and not to
18 non-debtor third parties or co-defendants.).

19 **IT IS FURTHER ORDERED** that all counsel shall use proper
20 capitalization in all future captions as mandated by LRCiv 7.1(a)(3).

21 Dated this 3rd day of December, 2008

Lawrence O. Anderson
United States Magistrate Judge